Bkevakd, J.
This a motion to reverse the decision of the Court of General‘Sessions for Charleston district.
The question before the District.Court arose upon an inquisition taken for a forcible entry and detainer, by two justices of peace, and removed by certiorari.
The question submitted is, whether justices of peace have authority to inquire concerning forcible entries and detainers.
The objection to their jurisdiction, in this respect, in the argument of this motion, was founded on an act of assembly of February, 1791, which declares, “ that no action of trespass, trover, detinue, slander, or assault and battery, or other action, arising merely from tort, shall be cognizable by a justice of peace in this State.”
*112 This objection* in my opinion, is invalid : because the act of 1791, relates to civil suits only, and has no application to criminal proceedings.
It was not objected, in argument, that thé statutes which are in force on this subject, do not authorize justices of peace in this State, to take inquisitions, or indictments of forcible entry and de-tainer ; but as this question seems to be involved, T will briefly state my opinion thereon, and the reasons in support of it.
My opinion is, that justices of peace hav„e the power which the' same magistrates have in England, in relation to this matter, and in virtue of the same statutes, which are all either expressly, or virtually, made of force here.
An act of 1731, P. L. 127, provides for the summoning and ob--taining juries of inquest, on forcible entries and detainers, and other special inquests. This act appears to be in confirmation of the statute 8 H. 6 c. 9, which is not made of force expressly by the' act of assembly of 1712. But that act, P. L. 98, declares, that all the statutes referred to by the statutes made of force, arid which statutes made of force, are explanatory, or confirmatory of those referred to, &c., shall be considered ah virtually made of force* The statute 15 R. 2 c. 2, is also made of force expressly. P. L.-37. This statute cannot be fully understood, without referring to a former statute, 5 R. 2 stat. 1 c. 8, which defines the offences of forcible entry and detainer : for, at common law, a man might lawfully regain possession of lands of which he had been disseised by force. 1 Hawk. P. C. c. 64, sec. 1. The statute 5 R. 2, may,, therefore, well be considered as virtually of force, although not expressly. made so by act of assembly. . '
The other judges of the same opinion.
Motion refused.
Geimkb,. J., absent.